**Syafrizal ZAINIDAR, Petitioner,**

v.

**Alberto GONZALES, United States Attorney General, Respondent.**

No. 06–2117–ag.

United States Court of Appeals, Second Circuit.

May 31, 2007.

David J. Rodkin, New York, N.Y., for Petitioner.

E. Bryan Wilson, Assistant United States Attorney, for Gregory R. Miller, United States Attorney, Northern District

of Florida, Tallahassee, FL, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSEPH M. McLAUGHLIN and Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Petitioner Mulyadi Syafrizal Zainidar, a native and citizen of Indonesia, petitions for review of a April 11, 2006 order of the Board of Immigration Appeals ("BIA"), affirming Immigration Judge ("IJ") Douglas B. Schoppert's opinion denying his application for withholding of removal.[1] *In re Zainidar*, No. A. 96 427 450 (BIA Apr. 11, 2006), *aff'g* No. 96 427 450 (Immig. Ct. N.Y. City Nov. 2, 2004). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decisions below.

When the BIA issues a short opinion affirming the IJ's decision and supplementing it, we review the IJ's opinion as modified by the BIA. *Ming Xia Chen v. Bd. of Immigration Appeals*, 435 F.3d 141, 144 (2d Cir.2006).

■ The IJ rejected Zainidar's withholding claim on the grounds that Zainidar did not face a likelihood of persecution if returned to Indonesia. It held that (1) Zainidar had not demonstrated that the government was unwilling or unable to protect him from the private threats that he faced; and (2) Zainidar had not proven that he could not safely relocate within Indonesia. On appeal to the BIA, Zainidar failed to address the first basis of the IJ's holding, never raising the issue of whether the government was able or willing to protect him.

Although Zainidar now argues that issue before this Court, we do not in the ordinary course consider issues not raised below. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 136 (2d Cir.2007). And we decline to do so here for two reasons. The BIA did not have the opportunity to consider the argument that the IJ erred in finding no governmental involvement or acquiescence. And Zainidar cannot make an argument for manifest injustice if we fail to reach the issue. *See Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 52–53 (2d Cir.2004).

■ The IJ's finding that Zainidar failed to demonstrate that the government was unwilling or unable to protect him was an independent basis for the IJ's denial of withholding relief that is alone sufficient to uphold the agency's ruling. Accordingly, we dismiss the petition without reaching the relocation issue. *See Steevenez v. Gonzales*, 476 F.3d 114, 117–118 (2d Cir. 2007) (per curiam).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. Zainidar does not appeal the agency's determination that his application for asylum was time-barred because it was not filed within 1 year after his arrival in the United States, nor does he appeal the IJ's denial of relief under the Convention Against Torture.